UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BETTON,<br><br>    Petitioner,<br><br>    v.<br><br>P.L. VASQUEZ, WARDEN,<br><br>    Respondent. | CASE NO. CV 14-4210-AG (PJW)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |

On April 29, 2014, Petitioner signed a Petition for Writ of Habeas Corpus, which was subsequently filed in this Court, challenging a 2011 conviction in Los Angeles Superior Court for petty theft with a prior and resultant sentence of five years in prison. (Petition at 2.) Petitioner claims that there was insufficient evidence to support the theft conviction. (Petition at 5.)

For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred. State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Here, Petitioner's conviction became final on April 23, 2013--90 days after the California Supreme Court denied his petition for review and the time expired for him to a

petition for writ of certiorari in the United States Supreme Court. *See, e.g., Brambles v. Duncan*, 412 F.3d 1066, 1069 (9th Cir. 2005). Therefore, the statute of limitations expired one year later, on April 23, 2014. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner, however, did not file this Petition until April 29, 2014, six days after the deadline.[1]

IT IS THEREFORE ORDERED that, no later than **July 3, 2014,** Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations. Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED:  June 3, 2014

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\BETTON, M 4210\OSC dismiss pet.wpd

---

[1] Pursuant to the "mailbox rule" for prisoner filings, the Court uses the date Petitioner signed his pleadings (and presumably delivered them to prison staff for mailing) as the filing date. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988).